UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALVIN FELICIANOSOTO,<br><br>Defendant. | 4:16-CR-40120-KES-1<br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE |

Defendant, Felicianosoto, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions and requesting appointment of counsel. Docket 139. Plaintiff, the United States of America, opposes Felicianosoto's motion. Docket 142. For the following reasons, Felicianosoto's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the

court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Felicianosoto's Guideline range, based on a total offense level of 36 and a Criminal History Category of II, was 210-262 months in custody. Docket 92 at 17. Felicianosoto had 2 criminal history points based on convictions for False Imprisonment; and Obstruct Police, Jailer, or Firefighter, and for Failure to Appear. *Id.* at 12, 14. On July 9, 2018, the court sentenced Felicianosoto to 210 months in custody for conspiracy to distribute a controlled substance and possession with intent to distribute a controlled substance. Docket 96 at 1-2.

On March 8, 2024, Felicianosoto filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 139. He seeks a reduction to his sentence under the Guidelines amendments applicable to certain zero-point offenders. *Id.* at 1-2.

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines,

2

the Sentencing Commission added an adjustment for certain zero-point offenders, which now appears in Section 4C1.1. The provision states:

> If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1.

Felicianosoto fails to meet the criteria for zero-point offenders because he had 2 criminal history points. Docket 92 at 12, 14. Because criterion 1 applies to his case, he is ineligible for the zero-point offender reduction under the plain language of U.S.S.G. § 4C1.1(a). Thus, he is ineligible for a sentence reduction.

Felicianosoto also moved for appointment of counsel. Docket 139. Under the court's Amended Standing Order 19-01, the Federal Public Defender's Office was appointed to represent Felicianosoto. After a review of his motion, the Federal Public Defender's Office filed a notice of intent not to file a supplement to Felicianosoto's motion for compassionate release. Thus, Felicianosoto's motion for appointment of counsel is denied as moot.

**CONCLUSION**

Felicianosoto failed to meet the "zero-point" offender criteria because he has 2 prior criminal history points. Thus, it is ORDERED

1. That Felicianosoto's motion for a sentence reduction (Docket 139) is denied.

2. That Felicianosoto's motion for appointment of counsel (Docket 139) is denied as moot.

    Dated March 28, 2024.

                                    BY THE COURT:


                                    */s/ Karen E. Schreier*
                                    KAREN E. SCHREIER
                                    UNITED STATES DISTRICT JUDGE